UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZMH,

    Plaintiff,

    v.

SAN FRANCISCO UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

Case No. 3:19-cv-03840-JD

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 15, 30, 32, 37

In 2017, ZMH was an eighth-grade student in the San Francisco Unified School District (SFUSD). He was involved in an incident involving a water gun that is alleged to have led to a visit to ZMH's home by social workers, and other events. ZMH's mother filed this action pro se on her son's behalf. *See* Dkt. No. 1.

SFUSD and the other defendants filed a number of motions to dismiss raising issues ranging from untimeliness under statutes of limitations to failure to state a claim. Dkt. Nos. 15, 30, 32, 37. ZMH's mother filed responses to the motions. Dkt. Nos. 18, 35, 38, 42.

The Court need not get into the thicket of arguments made by the parties because the complaint fails to state a plausible federal claim. Pro se complaints and other filings are liberally construed. *See Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). Even so, a pro se plaintiff must still meet the requirements of Federal Rule of Civil Procedure 8 by pleading sufficient facts to make out a plausible claim for relief. *See Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-1514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint falls short of this standard. It tries to allege a number of federal civil rights claims under 28 U.S.C. Sections 1981, 1982, and 1983, Title VI of the Civil Rights Act of 1964,

and the Thirteenth Amendment. But the factual allegations do not plausibly show that any of these laws may have been violated by the events in 2017. For example, the complaint says that ZMH was denied the ability to make and enforce contracts under Section 1981, but he was in eighth grade at the time, which ordinarily would deny him any power as a minor to enter into a binding contract. The claim under the Thirteenth Amendment, which prohibits slavery and involuntary servitude, is equally mysterious. Neither claim is supported by any facts indicating that ZMH can plausibly sue on these grounds. The same must be said of the allegations involving purchasing and owning personal property under section 1982, and constitutional violations under Section 1983. The Title VI claim does not have facts plausibly showing a discriminatory intent, which is required for the retrospective damages that ZMH seeks. *Guardians Ass'n v. Civil Service Com'n of City of New York*, 463 U.S. 582, 607 n. 27 (1983).

Consequently, the complaint cannot go forward in its current form. ZMH may file an amended complaint that addresses these concerns by September 25, 2020. The complaint may not add any new parties or claims without the prior permission of the Court. Failure to meet this deadline, or file a new complaint consistent with this order, will result in dismissal with prejudice under Rule 41(b).

**IT IS SO ORDERED.**

Dated: August 28, 2020

JAMES DONATO
United States District Judge